87 145
r187s547

## James Whipple v. The People ex rel.

1. CONSTRUCTION OF STATUTES—*Act of 1895—Dividing of Towns into Road Districts.*—The division of a town into road districts once, under the act of 1895 (Laws 1895, 318) does not bind the town for all time to come, regardless of changing conditions; and if the officers upon whom devolved the duty of dividing the town are of opinion that the first division is unequal and unjust, and not in accordance with the provisions of the statute, they are not without power to make another division in compliance with the law.

**Mandamus.**—Error to the Circuit Court of De Kalb County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in this court at the October term, 1899. Reversed. Opinion filed February 1, 1900.

GEORGE BROWN and CLIFFE & CLIFFE, attorneys for plaintiff in error.

HENRY S. EARLY, State's Attorney, for defendant in error; CARNES & DUNTON, of counsel.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

This was a proceeding in the nature of a *quo warranto,* instituted by the State's attorney upon the relation of Nathaniel Buzzell, against plaintiff in error, to contest his title

to the office of commissioner of highways of the township
of Sycamore, in De Kalb county.

The only question in the case is as to the validity of certain
proceedings, whereby the township of Sycamore was divided
into road commissioner's districts, under an amendment
to Sec. 16, Chap. 139, of the Revised Statutes. (Hurd's
Stat. 1897, p. 1592, Sec. 16.)    This amendment to the
former statute went into effect July 1, 1895.    After pro-
viding for the election of commissioners of highways, it
is further provided :

" It shall be the duty of the commissioners of highways,
together with the town clerk and supervisor, to meet within
ten days after the next town meeting after the passage of
this act in each town, and divide each township into three
districts, to be known as road commissioner's districts num-
bers one, two and three, dividing the township as near into
three equal divisions as possible, taking into consideration
extent of territory and population, in making and forming
boundaries of such districts, and a plat of each district, to
be filed in the office of the town clerk of said town."

It is declared in the act:

" The purpose of such division is to have the different
portions of each township represented by a commissioner
of highways who is a resident of such district, and when a
vacancy occurs, such vacancy shall be filled either by elec-
tion or appointment, as the case may be, by a resident of
said district where such vacancy occurs."

It appears from the evidence that on April 14, 1896, being
within ten days after the first annual town meeting subse-
quent to the taking effect of said amended section 16, the
commissioners of highways, supervisor and town clerk of
the township of Sycamore, met at the office of the town
clerk and divided the township into three road districts,
properly describing the territory embraced in each, and of
which they made a map, which was filed in the office of the
town clerk.    At that time there were three commissioners
of highways in said town, of whom plaintiff in error was
one, his term of office expiring in April, 1897.

The record of the town clerk, introduced in evidence,
shows the following further proceedings, to wit :

" State of Illinois, ⎞
    De Kalb County,   ⎬ ss.
Town of Sycamore. ⎠

At a regular meeting of the commissioners of highways of said town, held at the office of the town clerk of the said town, on the 23d of January, A. D. 1897, there being present James Maitland, John Swanson and James Whipple, commissioners of highways of said town, and Henry C. Whittemore, supervisor, and C. D. Rogers, town clerk of said town, on complaint of said John Swanson that the division of said town into commissioner's road districts, as heretofore made, a record of which appears on pages 160 and 161 herein, is unequal and was not made in accordance with the law providing for the division of towns into road districts, that thereupon the said John Swanson moves that the record heretofore made on pages 160 and 161 be amended and corrected, and re-division made as follows, to wit:

That commissioner's road district number one shall embrace sections one to twelve, inclusive, as indicated on the plat of said town on page 163.

That commissioner's road district number two shall embrace sections thirteen to twenty-four, inclusive, as indicated on said plat.

That commissioner's road district number three shall embrace sections twenty-five to thirty-six, inclusive, as indicated on said plat.

Which said motion was duly carried, and said town was divided into road districts as above, as shown on plat on page 163.

Plat of road districts of the town of Sycamore aforesaid:

NORTH.

| 6 | 5 | 4<br>District | 3<br>No. 1. | 2 | 1 |
|---|---|---|---|---|---|
| 7 | 8 | 9 | 10 | 11 | 12 |
| 18 | 17 | 16<br>District | 15<br>No. 2. | 14 | 13 |
| 19 | 20 | 21 | 22 | 23 | 24 |
| 30 | 29 | 28<br>District | 27<br>No. 3. | 26 | 25 |
| 31 | 32 | 33 | 34 | 35 | 36 |

SOUTH.

CLARENCE D. ROGERS,
Town Clerk."

The evidence shows that the division made January 23, 1897, was the one under which the commissioners acted from that date until the time of the annual town meeting in April, 1897, and that plaintiff in error lived in district numbered one upon the plat of said last mentioned division, and had charge of the same; that his term of office expired and he was, at the annual town meeting in April, 1897, re-elected for a term of three years. It is conceded that he was legally elected, provided the division of the township into road districts at the meeting on January 23, 1897, was legal and binding. But on behalf of the people it is contended that the action of the commissioners of highways, town clerk and supervisor, had on April 14, 1898, was legal and binding and exhausted their power and authority on the subject, and, as a consequence, the action of the same parties on January 23, 1897, was illegal, null and void.

If this contention is correct, then it must be conceded that plaintiff in error was not legally elected at the annual town meeting in April, 1897, for the reason that he was not a resident of the district for which he was elected and there was no vacancy in that district.

We are not disposed to take so narrow a view of the statute as that contended for by counsel for the people. The questions are not the same as were involved in People v. Hutchinson, 172 Ill. 486, so largely relied upon by defendant in error, and hence we do not regard that case as of controlling force in this.

Had section 16, under consideration, provided that at the annual town meeting after the passage of the act, and every ten years thereafter, the township should be divided into road districts, the cases would have been more nearly alike. But the statute contains no such provision, and if the contention of counsel for the people is to prevail, then a division once made must remain binding and in full force for all future time, until the legislature shall see fit to make some change in the law.

To so hold might work hardship and injustice, when we have in mind the ever-changing conditions in the development of a still comparatively new country. We are of opinion that the division of a town into road districts once, does not bind the town for all the time to come, regardless of changing conditions, and if the officers upon whom devolved the duty of dividing the town were of opinion that the first division was unequal and unjust, and not in accordance with the provisions of the statute, they were not without power to make a proper division in compliance with the law upon that subject. The court below appears to have taken a contrary view, holding, by propositions of law, the first division valid and final, and the second unauthorized and void. A judgment of ouster was entered against plaintiff in error and he brought the cause to this court for review. We think the court erred in its holdings upon propositions of law and in entering judgment against plaintiff in error. The judgment will therefore be reversed.